UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| LUZ DATIZ | : | CIVIL ACTION NO. |
| 3766 S.W.148 Place | : | |
| Ocala, FL  34473 | : | |
| | : | |
| VS. | : | |
| | : | COMPLAINT |
| LEHIGH VALLEY HOSPITAL, INC. | : | |
| 1243 S. Cedar Crest Blvd. | : | |
| Allentown, PA  18103              : | | |
|         AND | : | |
| LEHIGH VALLEY HOSPITAL AND | : | |
| HEALTH NETWORK | : | |
| c/o Department of Risk Management | : | |
| Cedar Crest & I-78 | : | |
| Allentown, PA  18105 | : | |

**PLAINTIFF'S CIVIL ACTION COMPLAINT**

1.      Plaintiff, Luz Datiz, is a citizen and resident of the State of Florida, residing therein at

the address set forth above.

2.      Defendant, Lehigh Valley Hospital, Inc. is a health care facility duly organized and

existing under and by virtue of the laws of the Commonwealth of Pennsylvania regularly conducting

business in the city of Allentown at the address set forth above.

3.      Defendant, Lehigh Valley Hospital and Health Network is a health care facility duly

organized and existing under and by virtue of the laws of the Commonwealth of Pennsylvania

regularly conducting business in the city of Allentown at the address set forth above.

4.      At all times material hereto, defendants, Lehigh Valley Hospital and Health Network

and Lehigh Valley Hospital, Inc., acted individually and/or through their agents, servants and/or

1

employees who were then and there acting within the course and scope of their employment and/or agency for defendants.

      5.      Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. §1332, as there is diversity of citizenship among the parties.

      6.      At all times material hereto, defendants, Lehigh Valley Hospital, Inc, and Lehigh Valley Hospital and Health Network (hereinafter collectively referred to as "The Lehigh Valley Hospital") owned, operated, possessed, maintained and controlled a certain piece of real estate known as Lehigh Valley Hospital (hereinafter referred to as the "premises") located at Cedar Crest Blvd. & I-78 in Allentown, PA.

      7.      On or about July 1, 2006, at or about 5:30 p.m., plaintiff was a lawful invitee on the premises as aforesaid and was walking towards the main entrance of the hospital.

      8.      At the time and place as aforementioned, the premises were undergoing extensive paving and construction work immediately outside the main entrance.

      9.      At the time and place as aforementioned, as plaintiff was navigating her way through the construction in an attempt to enter the main entrance of the premises, she was caused to trip and fall by reason of a dangerous and defective condition of the real property in the form of a hole and depression, as a result of which plaintiff sustained serious, painful and permanent personal injuries, more particularly hereinafter described.

      10.      The accident as aforementioned was due solely and exclusively to the negligence and liability producing conduct of the defendants, jointly and severally, their agents, servants and/or employees,  which consisted of the following:

           (a)      Defendants allowed the condition to exist.

(b)     Defendants failed to correct the condition.

(c)     Defendants failed to give Plaintiff warning of the condition.

(d)     Defendants failed to fulfill the legal obligation to the Plaintiff.

(e)     Defendants did owe a duty of care to Plaintiff and did violate that duty of due care owed to Plaintiff.

11.     The accident as aforementioned was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

12.     As a result of the negligence and liability producing conduct of the defendants, jointly and severally as aforesaid, plaintiff, Luz Datiz, sustained multiple injuries including, but not limited to a fracture of  the fifth metatarsal joint of the right foot, contusions with hematoma to the chest and left knee along with other injuries to her arms, legs and body, their bones, tissues, cells, members and organs along with shock and injury to her nerves and nervous system all of which plaintiff has been advised may be permanent in nature, irreparable and severe.

13.     As a further result of the negligence and liability producing conduct of defendants, jointly and severally as aforesaid, plaintiff, Luz Datiz  has undergone great physical pain and mental anguish, and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

14.     As a further result of the negligence and liability producing conduct of defendants, jointly and severally as aforesaid, plaintiff has become obliged to expend and/or incur various sums of money for medical attention and purposes in an attempt to affect a cure for the aforesaid injuries,

and plaintiff may be compelled to expend and/or incur additional sums for such medical attention and purposes for an indefinite time in the future, to her great detriment and loss.

15.    As a further result of the negligence and liability producing conduct of defendants, jointly and severally as aforesaid,  plaintiff has and may in the future suffer an impairment of her earnings and earning power, all to her great detriment and loss.

16.    As a further result of the negligence and liability producing conduct of defendants, jointly and severally as aforesaid, plaintiff has and will suffer a financial loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which plaintiff would have performed, not for income, but for the benefit of herself, if she had not been so seriously injured.

WHEREFORE, plaintiff, Luz Datiz, demands damages and judgment against defendant in a sum in NOT in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

WEINSTEIN, SCHLEIFER & KUPERSMITH, P.C.


BY: _____
RICHARD T. KUPERSMITH, ESQUIRE
Attorney for Plaintiff